Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 901 | **DATE** | 4/14/2004 |
| **CASE TITLE** | Bob Creeden & Assoc. vs. Infosoft, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ .

(3) ☐ Answer brief to motion due___ . Reply to answer brief due ___ .

(4) ☐ Ruling/Hearing on ___ set for ___ at ___ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___ .

(7) ☐ Trial[set for/re-set for] on ___ at ___ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant Infosoft's motion to dismiss counts IV and V of the complaint is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 1 5 2004 | |
| | Notified counsel by telephone. | | date docketed | 163 |
| | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/14/2004 | |
| | | | date mailed notice | |
| hmb | courtroom deputy's initials  | | hmb7 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

BOB CREEDEN & ASSOCIATES, LTD., )
)
    Plaintiff, )
)
v. )   Case No. 03 C 901
)   Magistrate Judge Nolan
)
INFOSOFT, INC., )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Bob Creeden & Associates, Ltd. ("Creeden") filed a second amended complaint (the "Complaint") in this action alleging copyright infringement in violation of 17 U.S.C. § 106, (Count I), a violation of the Illinois Trade Secrets Act, 765 ILCS 1065 (Count II), breach of contract (Count III), false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Count IV), and a violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1-12 (Count V). Defendant Infosoft, Inc. ("Infosoft") has filed a motion to dismiss Counts IV and V of the Complaint for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Infosoft's motion to dismiss is granted.

## BACKGROUND

Creeden's well-pled allegations, which are presumed to be true and viewed in a light most favorable to the plaintiff for the purposes of this motion, are as follows. Creeden is a leading manufacturer's representative for hardware manufacturers throughout various regions of the United States. (Compl. at ¶ 1.) As a leading

manufacturer's representative, Creeden has pioneered the use of high technology to improve the ordering process for hardware products. (*Id.* at ¶ 8.) To that end, Creeden has developed various computerized ordering systems that have expedited and streamlined the order taking process. (*Id.* at ¶ 7 -13.) Today, Creeden is the only manufacturer's representative in the home improvement and hardware industry with a computerized field order entry, reporting, and commission system. (*Id.* at ¶ 13.) This has resulted in both manufacturers and customers associating such systems with Creeden. (*Id.* at ¶13.)

Infosoft is an information technology consulting firm that offers software development, among other services, to its clients. (*Id.* at ¶ 2.) In June 2000, Creeden and Infosoft entered into a software development agreement, whereby Infosoft agreed to write code and to modify aspects of Creeden's computerized order systems. (*Id.* at ¶¶ 14 - 19.) Through this agreement, Creeden provided Infosoft with access to Creeden's systems, on the condition that Infosoft maintain this information in confidence. (*Id.* at ¶ 17.) Later, Creeden learned that Infosoft had been trying to sell Creeden's software to a competitor and that Infosoft had developed a retail order capture system "based entirely or largely on Creeden's software." (*Id.* at ¶¶ 25 - 28.) Subsequently, Creeden filed this action, alleging copyright infringement, a violation of the Illinois Trade Secrets Act, and breach of contract. Recently, Creeden added Counts IV and V, claiming false designation of origin/passing off under the Lanham Act and a violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act.

## LEGAL STANDARD

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is "to test the sufficiency of the complaint, not to decide the merits." *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must accept the well-pled allegations of a complaint as true and construe any inferences in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

## DISCUSSION

### I. Count IV: Reverse Passing Off under the Lanham Act

In Count IV of the Complaint, Creeden brings a reverse passing off claim under the Lanham Act.[1] Infosoft asks the court to dismiss Count IV, arguing that the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp*, 539 U.S. 23 (2003) bars this claim. The Lanham Act imposes liability against a party for any "false designation of origin . . . likely to cause confusion . . . as to the origin . . . of his goods." 15 U.S.C. § 1125(a)(1)(A). Infosoft argues that Creeden's Lanham Act claim fails because there is no false designation of origin at issue. Specifically, Infosoft argues that under the Lanham Act, Infosoft, not Creeden, is the origin of the software system at issue

---

[1] Reverse passing off occurs when a party misrepresents someone else's goods or services as its own. *Dastar Corp. v. Twentieth Century Fox Film Corp*, 539 U.S. 23, 26 n. 1 (2003). Passing off occurs when a party misrepresents its goods or services as someone else's. *Id.*

3

in this case because the phrase "origin of goods" in the Lanham Act "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* at 32. This definition of "origin of goods" is "in accordance with the [Lanham] Act's common-law foundations (which were *not* designed to protect originality or creativity), and ... the copyright and patent laws (which *were*)." *Id.* Based on Infosoft's position that it is the origin of the software system at issue, Infosoft contends that Count IV of Creeden's Complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

In *Dastar*, the petitioner Dastar Corporation ("Dastar") released a video set entitled *World War Campaigns in Europe* ("Campaigns") that was largely based on the respondent Twentieth Century Fox's television series entitled *Crusade in Europe* ("Crusade"). *Dastar*, 539 U.S. at 25. To make Campaigns, Dastar purchased the Crusade series, made some (arguably minor) modifications, and sold its video set in new packaging. *Id.* at 25, 28.

> [T]he gravamen of respondents' claim is that, in marketing and selling Campaigns as its own product without acknowledging its nearly wholesale reliance on the Crusade television series, Dastar has made a 'false designation of origin, false or misleading description of fact, or false or misleading misrepresentation of fact, which is likely to cause confusion ... as to the origin ... of his or her goods.'

*Id.* at 28. Holding that "origin of goods" in the Lanham Act "refers to the producer of the tangible goods offered for sale," the *Dastar* court concluded that "Dastar was the 'origin' of the products it sold as its own," and thus, plaintiffs/respondents could not prevail on

their Lanham Act claim. *Id.* at 32. In reaching this conclusion, the Court explained that "in construing the Lanham Act, we have been careful to caution against misuse or overextension of trademark and related protections into areas traditionally occupied by patent or copyright." *Id.* at 30 (citation and internal quotation marks omitted). If, however, "Dastar had bought some of New Line's Crusade videotapes and merely repackaged them as its own[,]" plaintiffs would have had a viable claim for reverse passing off under the Lanham Act because Dastar would not have been the producer of the tangible goods offered for sale. *Id.* at 28.

Like the petitioner in *Dastar*, Creeden has filed a reverse passing off claim against Infosoft. The gravamen of Creeden's claim is that:

> Infosoft has violated the Lanham Act by marketing, offering for sale and/or selling an order capture, reporting and/or commission system <u>directly derived from Creeden's system</u> and giving the false impression to potential and actual customers that the system was its own.

(Compl. at ¶ 65) (emphasis added). The "tangible good" at issue in Count IV is the software system that Infosoft (purportedly) derived from Creeden's system and offered to sell, not Creeden's system. Under *Dastar*, Infosoft is the origin of that system, not Creeden, because "origin of goods" refers to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Dastar*, 539 U.S. at 32. Creeden thus cannot prevail on its Lanham Act claim under *Dastar*.

In an attempt to rescue Count IV from dismissal, Creeden grasps onto an allegation pled in the "Background Facts" of the Complaint and argues that "Creeden specifically

5

alleges that Infosoft marketed Creeden's actual, physical, tangible software under Infosoft's name, thus misleading the public as to the origin of those goods in violation of the Lanham Act." (Creeden's Resp. to Mot. to Dismiss at 3.) But despite Creeden's argument to the contrary, Creeden has made no such allegation against Infosoft. In the Background Facts, Creeden alleges only that it "learned that Infosoft had been trying to sell Creeden's software to one its competitors." (Compl. at ¶ 25.) Alleging that Infosoft tried to sell Creeden's software is not equivalent to alleging Infosoft took Creeden's software and "merely repackaged it as [its] own." *Dastar*, 539 U.S. at 28. Even under the federal courts' liberal pleading standards, the court "need not stretch allegations beyond their sensible and reasonable implications." *Equal Employment Opportunity Commission v. Park Ridge Public Library*, 856 F. Supp. 477, 480 (N.D. Ill. 1994).

For these reasons, Infosoft's motion to dismiss Count IV of the Complaint is granted.

II. **Count V: Deceptive Trade Practices under Illinois Law**

Count V is based on the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.* and the Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.* Infosoft moves to dismiss this state statutory claim, arguing that Count V fails for the same reasons Count IV fails. The court agrees. In Illinois, courts resolve unfair competition and deceptive practices claims "according to the principles set forth in the Lanham Act." *Spex, Inc. v. The Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (1994). Accordingly, Count V of Creeden's Complaint must "rise or fall based on the Lanham Act claim" in Count IV because "the legal inquiry is the same under the Lanham Act as

under the Consumer Fraud Act and the Deceptive Trade Practices Act." *MJ & Partners Restaurant Ltd. P'shp v. Zadikoff*, 10 F. Supp. 2d 922, 929 (N.D. Ill. 1998). Because Creeden fails to state a claim under the Lanham Act, Creeden likewise has no claim under Illinois' statutory unfair competition laws. Infosoft's motion to dismiss Count V of the Complaint is therefore granted.

## CONCLUSION

For the foregoing reasons, Defendant Infosoft's motion to dismiss Counts IV and V of the Complaint is granted.

ENTERED:

NAN R. NOLAN
United States Magistrate Judge

Dated: April 14, 2004